UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIAN GREMMELS,<br><br>    Plaintiff,<br><br>    v.<br><br>APPLE INC., et al.,<br><br>    Defendants. | Case No. 25-cv-03722-LJC<br><br>**ORDER GRANTING IN FORMA PAUPERIS APPLICATION; ORDER TO SHOW CAUSE WHY COMPLAINT SHOULD NOT BE DISMISSED**<br><br>Re: Dkt. Nos. 1, 2 |

### I.    Application for Leave to Proceed In Forma Pauperis

Plaintiff Christian Gremmels, proceeding pro se, has applied to proceed in forma pauperis. ECF No. 2. Sufficient cause having been shown, Gremmels' application to proceed in forma pauperis is GRANTED.

### II.   Sufficiency of Complaint

Having granted his request to proceed in forma pauperis, the Court must review Gremmels' Complaint under 28 U.S.C. § 1915(e)(2)(B) to determine whether it states a claim on which relief may be granted. A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When the complaint has been filed by a pro se plaintiff, a court must "construe the pleadings liberally and…afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). But "[t]hreadbare recitals of the elements of a cause of action…do not suffice," and a court need not credit "legal conclusions" or "mere conclusory statements." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must demonstrate "facial plausibility" by pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Iqbal*, 556 U.S. at 678.

Gremmels purports to be suing Defendants Apple, Verizon, and Google under 47 U.S.C. § 1004, which establishes:

> A telecommunications carrier shall ensure that any interception of communications or access to call-identifying information effected within its switching premises can be activated only in accordance with a court order or other lawful authorization and with the affirmative intervention of an individual officer or employee of the carrier acting in accordance with regulations prescribed by the [Federal Communications] Commission.

47 U.S.C. § 1004 is a provision of the Communications Assistance for Law Enforcement Act, 47 U.S.C. §§ 1001-1010 (CALEA). CALEA requires telecommunications carriers to "ensure that their networks are technologically capable of being accessed by authorized law enforcement officials" so that law enforcement can conduct wiretapping over the networks. *Am. Council on Educ. v. F.C.C.*, 451 F.3d 226, 228 (D.C. Cir. 2006). CALEA does not create a private right of action for individuals to sue their telecommunications providers. *See* 18 U.S.C. § 2522(a)-(b) (authorizing enforcement of CALEA by order of the court or a civil action by the Attorney General).

Gremmels alleges that he began experiencing mental health problems caused by "chemical fumes and spill interference" in 2015. ECF No. 1 (Compl.) at 9. To manage his mental health, he began frequently calling his and emailing his brother for advice. *Id.* He subsequently began calling and emailing motels. *Id.* at 9-10. Gremmels alleges that, over the past decade, he left his brother over 60,000 voicemails through "Apple and Verizon" and sent his brother over 15,000 emails, but has not received a response. *Id.* He suspects that this may be due to his brother receiving "false information through voicemail and email" or his brother's responses being "stolen." *Id.* at 10.

Gremmels' Complaint fails to state a cause of action because there are no factual allegations that Defendants Apple and Verizon allowed the interception of communications without a court order or other lawful authorization. Gremmels' theory that his brother's responses may have been "stolen" or otherwise intercepted is not sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); Compl. at 10. He

does not allege that Defendant Google was involved in any way.  If Gremmels wishes to proceed with his claim, he must file an amended complaint that includes enough facts to "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  Additionally, he must assert a claim that allows for a private cause of action. Gremmels is accordingly ORDERED TO SHOW CAUSE why his Complaint should not be dismissed for failure to state a claim on which relief may be granted.

### III. Conclusion

To respond to the Order to Show Cause, Gremmels may file, no later than June 4, 2025, an amended complaint identifying what law he believes Defendants violated, why he is allowed to sue Defendants, and enough facts to support his claim, including (but not necessarily limited to) facts showing that his phone calls, voicemails, and/or emails were intercepted.

An amended complaint would completely replace Gremmels' current Complaint, and therefore must include all of the facts that he would like to allege and claims he would like to pursue, without reference to the current Complaint.  If Gremmels' response does not correct the defects identified in this Order, the undersigned magistrate judge will recommend either denial of his application to proceed in forma pauperis or dismissal of his Complaint.  If Gremmels does not respond at all, the undersigned may recommend dismissal of the case for failure to prosecute.

**IT IS SO ORDERED.**

Dated: May 7, 2025

LISA J. CISNEROS
United States Magistrate Judge